UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:19-CR-00283-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| MORGAN LYONS (01) | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the court is a Motion to Dismiss Indictment [doc. 19] filed by defendant Morgan Lyons. The government opposes the motion and Lyons has filed a reply. For the reasons set forth below, the motion will be denied.

## I.
### BACKGROUND

Lyons was charged by indictment in this court on October 3, 2019, with possession with intent to distribute cocaine and marijuana, a violation of 21 U.S.C. § 841(a)(1), and two counts of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g). The indictment alleges that the crimes occurred on or about May 5, 2016. Doc. 1. Lyons states that he was arrested as a result of that incident on December 6, 2016, and has been incarcerated since that time. The lengthy delay between his arrest and the filing of the federal charges prejudices him, he maintains, because he was then awaiting trial on state charges relating to the same incident and will not receive credit on any federal sentence imposed for that pre-indictment time. Doc. 19. Accordingly, he seeks dismissal of the charges against him based on unnecessary pre-indictment delay. *Id.*

# II.
# LAW & APPLICATION

Lyons does not dispute that his indictment was brought within the appropriate limitations period. *See* 18 U.S.C. § 3282 (providing that a five-year general statute of limitations applies non-capital federal crimes). The statute of limitations serves as the primary safeguard against "overly stale criminal charges," and there is no constitutional requirement that charges be filed promptly. *United States v. Crouch*, 84 F.3d 1497, 1507 (5th Cir. 1996). However, the court may also dismiss an indictment based on unnecessary delay by the government. Fed. R. Civ. P. 48(b). Here Lyons maintains that dismissal is warranted on both due process grounds and under the court's inherent power to dismiss a case for failure to prosecute.

## A. *Due process allegations*

Lyons asserts that the preindictment delay in this matter amounts to a violation of his right to due process. To show an unconstitutional preindictment delay, a defendant must establish two elements: (1) the government intentionally delayed in order to obtain an advantage over the accused in the contemplated prosecution or for some other bad faith purpose, and (2) the improper delay caused actual, substantial prejudice to his defense. *Crouch*, 84 F.3d at 1523; *United States v. Jimenez*, 256 F.3d 330, 345 (5th Cir. 2001). "Vague assertions of lost witnesses, faded memories, or misplaced documents" are insufficient to satisfy the second prong. *United States v. Beszborn*, 21 F.3d 62, 67 (5th Cir. 1994). "The defendant's burden of showing actual prejudice is particularly high before

trial, when almost any prejudice is speculative." *United States v. Hudson*, 2010 WL 5375347 (E.D. La. Dec. 17, 2010).

Lyons has not met either prong of the above test. He complains of the harm he may suffer from uncredited time spent in state custody and of the government's delay. Yet he does not show that the government delayed indictment for any improper purpose or that the delay has yet prejudiced his defense in any actual, substantial manner. Accordingly, Lyons's due process allegations do not support dismissal of the charges against him.

### B. *Want of Prosecution*

In his reply, Lyons notes that Rule 48(b) "is not confined to constitutional violations" and also encompasses the court's "inherent power to dismiss for want of prosecution." *United States v. Acuna*, 502 F.Supp.2d 521, 527 (W.D. Tex. 2007) (citing *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977)). The court should only exercise this power upon a showing of sufficient prejudice or improper prosecutorial motive. *Id.* Lyons presents no evidence of purposeful delay by the government and his complaint about uncredited time in state custody does not justify dismissal of the charges. Assuming that the time is not credited to a state sentence, the Bureau of Prisons may apply it towards any eventual federal sentence under 18 U.S.C. § 3585(b).[1] Lyons's assertion that the delay has caused him to serve nearly three years of uncredited time is thus unsupported and does not provide a basis for dismissing the indictment.

---

[1] Lyons complains that the BOP, rather than the district court, will compute this credit. The statute clearly indicates, however, that a defendant is to be given credit for time served "in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1). Lyons has not shown that the BOP cannot be counted on to apply this guidance correctly.

# III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 19] will be denied.

**THUS DONE AND SIGNED** in Chambers on this 31st day of October, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**