UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.  2:19-CR-00283-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| MORGAN LYONS (01) | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Before the court are a Motion to Sever [doc. 43] and Motion to Dismiss Indictment [doc. 44] filed by defendant Morgan Lyons. The government opposes both motions. Docs. 51, 52.

I.
BACKGROUND

Lyons was charged by indictment in this court on October 3, 2019, with possession with intent to distribute cocaine and marijuana, a violation of 21 U.S.C. § 841(a)(1), and two counts of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g) ("felon in possession/firearm charges").[1] The charges arise from a search warrant executed on May 5, 2016, at a residence in Welsh, Louisiana, after a cooperating witness allegedly conducted a controlled delivery of ten pounds of marijuana to that address. *Id.*; *see* doc. 51, pp. 2–3. The government maintains that law enforcement knew Lyons to use

---

[1] Lyons has been incarcerated since December 2016 and moved to dismiss the federal charges for unnecessary pre-indictment delay. Doc. 19. The court denied that motion, finding no evidence of improper delay and no prejudice to his defense. Doc. 31. It also declined to dismiss the case for want of prosecution, rejecting Lyons's argument that his time in pretrial detention might not be credited towards an eventual sentence. *Id.*

that address to store drugs and that Lyons was identified leaving that address shortly after the controlled delivery. Doc. 51, pp. 2–3.

Lyons now moves to sever the indictment and receive a separate trial on his firearms charges. Doc. 43. He also argues that the indictment should be dismissed on the grounds that the firearms charges are multiplicitous. Doc. 44. The government opposes the motion, arguing that there is no basis for severing the firearms charges from the drug-trafficking charges and that any multiplicity in the firearms charges should be addressed at sentencing. Docs. 51, 52.

## II.
### LAW & APPLICATION

### A.  Motion to Sever

A defendant may be charged in a single indictment with multiple offenses "if they (1) are of the same or similar character; (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan." *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010) (citing Fed. R. Crim. P. 8(a)). Even charges that meet these criteria may be severed, if joinder sufficiently prejudices either party. Fed. R. Crim. P. 14(a). Nevertheless, "[j]oinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995).

Lyons argues that allowing his felon-in-possession firearms charges to be tried with his drug trafficking charges "provide[s] federal prosecutors with a tool for circumventing the traditional rule against introduction of other crimes evidence." Doc. 43, p. 4. The Fifth

Circuit acknowledges as much but has generally found that limiting instructions are sufficient to cure this prejudice. *United States v. McCarter*, 316 F.3d 536, 538–39 (5th Cir. 2002) (citing *Bullock*, 71 F.3d at 174). In *McCarter*, however, the court noted that the government's evidence of guilt on the drug possession charge was thin and that its reasons for joining the firearms charges were cast into doubt by its decision to file a superseding indictment shortly after the defendant moved to exclude firearms evidence and evidence of prior convictions. *Id.* at 539–41. Accordingly, it determined that limiting instructions were insufficient and that the trial court had abused its discretion by refusing to sever the felon in possession counts. *Id.* at 541–42.

Here the firearms charges have accompanied the drug trafficking charges since the inception of the federal case, and there is no basis for deeming the government's evidence thin at this stage. The Fifth Circuit has affirmed the general propriety of bringing gun and drug charges together, where the materials are found pursuant to the same search warrant or in the investigation of the drug offense. *United States v. Mays*, 466 F.3d 335, 340–41 (5th Cir. 2006); *United States v. Huntsberry*, 956 F.3d 270, 288 (5th Cir. 2020). Lyons provides no basis to distinguish his case from these matters, and otherwise fails to show any prejudice that could not be cured through proper jury instructions. Accordingly, the court finds no basis for severing the charges.

### B. Multiplicity

Lyons also moves for dismissal of the indictment on the grounds that the two firearms charges are multiplicitous. Multiple charges under § 922(g) that "arise from the same single incident of possession of firearms" violate the constitutional prohibition on

multiple punishments for a single offense. *United States v. Garcia-Balderas*, 667 F. App'x 486 (5th Cir. 2016) (unpublished) (citing *United States v. Munoz-Romo*, 989 F.2d 757, 759–60 (5th Cir. 1993)). However, this prohibition only comes into play at sentencing and does not prevent the government from charging multiple counts. *See United States v. Meza*, 701 F.3d 411, 432 (5th Cir. 2012). As the government notes, there are sound reasons for bringing multiple felon in possession charges at the indictment stage, such as different kinds of possession involved or more compelling evidence relating to one weapon versus another. Doc. 52, p. 3. Accordingly, the charges do not provide a basis for dismissal.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Sever [doc. 43] and Motion to Dismiss [doc. 44] are **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 4th day of June, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**