UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**            **CASE NO. 2:19-CR-00283-01**

**VERSUS**                                              **JUDGE JAMES D. CAIN, JR.**

**MORGAN LYONS (01)**                     **MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Before the court is a Notice of Intent to Introduce Other Crimes Evidence Pursuant to Federal Rule of Civil Procedure 404(b), filed by the government. Doc. 83. Defendant Morgan Lyons has filed a response. Doc. 105. The court now issues this ruling, clarifying the admissibility of other crimes evidence in Mr. Lyons's trial set for February 7, 2022.

**I.**
**BACKGROUND**

Mr. Lyons is charged in this court with one count of possession with intent to distribute cocaine, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); one count of possession with intent to distribute marijuana, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D); and two counts of being a felon in possession of a firearm, a violation of 22 U.S.C. § 922(g). Doc. 6. The charges stem from a search that was conducted on May 5, 2016, after a cooperating witness ("CW") delivered ten pounds of marijuana to that residence. *See* doc. 83.

According to the government, the CW agreed to cooperate after the ten-pound package of marijuana was intercepted while being shipped to him via FedEx. *Id.* The CW

had originally planned to deliver the marijuana to another individual, but was advised in an unrecorded phone conversation that this individual was out of town and he should instead deliver the drugs to Lyons, who was known to law enforcement based on his criminal history. *Id.* The CW had allegedly delivered drugs to Lyons in the past, and agreed to do a controlled delivery to him. *Id.* A state court judge agreed that probable cause existed to search Lyons's address, conditional on his acceptance of the delivery. *Id.* When the search was conducted, law enforcement discovered *inter alia* large amounts of cocaine, marijuana, vacuum sealer bags, scales, a ledger purportedly recording drug sales, and firearms. *Id.*

Trial is now set for February 7, 2022, and the government intends to introduce testimony from the CW. It has given notice of its intent to introduce other crimes evidence against Mr. Lyons, in the form of (1) a 2020 conviction for possession of more than 400 grams of cocaine in the 14th Judicial District Court, Calcasieu Parish, Louisiana; (2) a 2014 conviction for possession of cocaine in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana; and (3) his alleged uncharged involvement in prior marijuana transactions with the CW. Mr. Lyons objects, on the grounds that the evidence is unfairly prejudicial. Alternatively, he requests a limiting jury instruction.

## II.
## LAW & APPLICATION

Federal Rule of Evidence 404(b) governs the admissibility of evidence of crimes and other bad acts. It provides that such evidence is inadmissible to show a person's character and action in conformity therewith, but may be used for other purposes including

"proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). Even if a court determines that evidence is admissible under Rule 404(b), it must exclude the prior bad act if it determines that its probative value is substantially outweighed by the potential for undue prejudice under Rule 403. *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015). Factors relevant to this determination include (1) the government's need for the evidence, (2) similarities between the prior bad act and the charged offense, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions. *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013).

The court finds that Lyons's prior convictions are relevant under Rule 404(b) in showing Mr. Lyons's intent and knowledge regarding the drug trafficking charges. "Prior acts, especially those involving possession, are 'highly probative' of a defendant's intent." *United States v. Williams*, 620 F.3d 483, 491 (5th Cir. 2010). The potential for prejudice does not outweigh the probative value of this evidence, because of the necessity of establishing intent and the availability of limiting instructions. The convictions are also relatively recent, and there is no reference to facts showing that they are so similar to prove unfairly prejudicial. Accordingly, the 2014 and 2020 cocaine possession charges are admissible for the limited purposes described above and with the inclusion of a limiting instruction to the jury.

As for Mr. Lyons's history with the cooperating witness, the court notes that uncharged drug dealing history between a cooperating witness and the defendant may be admissible under Rule 404(b) where it provides the context for the CW's testimony and

relationship with the defendant. *E.g.*, *United States v. Berreles*, 783 F. App'x 453, 455 (5th Cir. 2019). However, the government has not provided enough information for the court to gauge the potential prejudice of this evidence. Namely, the court is concerned about the age of the offense and whether the CW's testimony can be contextualized without reference to any prior bad acts. Accordingly, it will defer ruling on the admissibility of this evidence until it has had the opportunity to hear more from the parties.

### III.
#### CONCLUSION

For the reasons stated above, Mr. Lyons's cocaine possession convictions from 2014 and 2020 are admissible as described above. The court defers ruling on the admissibility of the CW's testimony.

**THUS DONE AND SIGNED** in Chambers on this 4th day of February, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**