UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00283-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MORGAN LYONS (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Response to Government's Notice of Expert Testimony filed by defendant Morgan Lyons. The court now issues this ruling, clarifying the admissibility of expert testimony in Mr. Lyons's trial set for February 7, 2022.

Mr. Lyons is charged in this court with one count of possession with intent to distribute cocaine, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); one count of possession with intent to distribute marijuana, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D); and two counts of being a felon in possession of a firearm, a violation of 22 U.S.C. § 922(g). Doc. 6. The charges stem from a search that was conducted on May 5, 2016, after a cooperating witness ("CW") delivered ten pounds of marijuana to that address. *See* doc. 83.

According to the government, the CW agreed to cooperate after the ten-pound package of marijuana was intercepted while being shipped to him via FedEx. *Id.* The CW had originally planned to deliver the marijuana to another individual, but was advised in an unrecorded phone conversation that this individual was out of town and he should

instead deliver the drugs to Lyons, who was known to law enforcement based on his criminal history. *Id.* The CW had allegedly delivered drugs to Lyons in the past, and agreed to do a controlled delivery to him. *Id.* A state court judge agreed that probable cause existed to search Lyons's residence, conditional on his acceptance of the delivery. *Id.* When the search was conducted, law enforcement discovered *inter alia* large amounts of cocaine, marijuana, vacuum sealer bags, scales, a ledger purportedly recording drug sales, and firearms. *Id.*

Trial is now set for February 7, 2022, and the government has given notice of its intent to call Senior Sergeant Jeremy Nunez as an expert in the field of drug trafficking. Doc. 102. According to the notice, Mr. Nunez will testify about: (1) the distribution methods used by drug traffickers, (2) the use of ledgers, notebooks, or binders to record drug sales, (3) the use of firearms to facilitate drug trafficking, (4) the methods used by drug dealers to package drugs, and (5) the use of digital scales to package drugs. Doc. 102, p. 1. The defense argues that Mr. Nunez's field of expertise is too wide and that his testimony on alleged indicators of drug trafficking will embrace the ultimate issue of Mr. Lyons's guilt or innocence. *Id.* at 2–3. Accordingly, it requests an order limiting the nature of Mr. Nunez's testimony on the grounds of unfair prejudice and barring him from giving opinion testimony on the ultimate issue. *Id.* at 4.

The court finds nothing untoward about a qualified expert testifying on the potential significance of the items recovered from Mr. Lyons's address. *See, e.g.*, *United States v. James*, 291 F. App'x 676, 679 (5th Cir. 2008) (district court did not abuse its discretion in allowing DEA agent to testify about dealer practices, namely "that drug distributors usually

bundle their money in a certain way and possess certain amounts of drugs, firearms, and other items helpful to drug trafficking.") This testimony does not invade the jury's role of deciding the ultimate issue. Accordingly, and subject to any voir dire on his qualifications, Mr. Nunez will be permitted to testify as outlined in the government's notice.

**THUS DONE AND SIGNED** in Chambers on this 4th day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**