UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

UNITED STATES OF AMERICA        CASE NO.  2:19-CR-00283-01

VERSUS                          JUDGE JAMES D. CAIN, JR.

MORGAN LYONS (01)               MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 104] filed by defendant Morgan Lyons, seeking to exclude certain evidence and testimony on the grounds of unfair prejudice. The government opposes the motion. Doc. 110.

## I.
### BACKGROUND

Mr. Lyons is charged in this court with one count of possession with intent to distribute cocaine, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); one count of possession with intent to distribute marijuana, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D); and two counts of being a felon in possession of a firearm, a violation of 22 U.S.C. § 922(g). Doc. 6. The charges stem from a search that was conducted on May 5, 2016, after a cooperating witness ("CW") delivered ten pounds of marijuana to that address. *See* doc. 83.

According to the government, the CW agreed to cooperate after the ten-pound package of marijuana was intercepted while being shipped to him via FedEx. *Id.* The CW had originally planned to deliver the marijuana to another individual, but was advised in

an unrecorded phone conversation that this individual was out of town and he should instead deliver the drugs to Lyons, who was known to law enforcement based on his criminal history. *Id.* The CW had allegedly delivered drugs to Lyons in the past, and agreed to do a controlled delivery to him. *Id.* A state court judge agreed that probable cause existed to search Lyons's address, conditional on his acceptance of the delivery. *Id.* When the search was conducted, law enforcement discovered *inter alia* large amounts of cocaine, marijuana, vacuum sealer bags, scales, a ledger purportedly recording drug sales, and firearms. *Id.*

Trial is now set for February 7, 2022, and the government has notified the defense of its intent to introduce testimony from a Louisiana State Crime Lab employee on DNA results and from a forensic analyst whose curriculum vitae identifies him as a latent fingerprint examiner. Doc. 104. Defense counsel states that no fingerprints or DNA matching Mr. Lyons were recovered from any of the firearms or contraband seized during the search. Accordingly, he asserts, the government will probably solicit testimony from these witnesses on the difficulty of recovering DNA or prints and the testimony must be excluded as insufficiently probative in light of its potential to prejudice, confuse, and mislead the jury. *Id.* The government opposes the motion. Doc. 110.

## II.
### LAW & APPLICATION

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude

relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Mr. Lyons asserts that law enforcement's failure to recover DNA or fingerprints from the scene is highly relevant and admissible, but that any testimony on its obstacles to doing so is irrelevant and likewise potentially prejudicial, confusing, and misleading. However, he has not challenged the admissibility of this testimony under Rule 702. Barring issues with the testimony's reliability, the court finds no basis on which this evidence would unfairly prejudice, confuse, or mislead the jury. Additionally, testimony explaining the absence of physical evidence is highly relevant in a criminal case. *E.g.*, *United States*

*v. Dalton*, 918 F.3d 1117, 1033 (10th Cir. 2019); *United States v. Tavares*, 843 F.3d 1, 7 (1st Cir. 2016). The defendant fails to show that the probative value of this evidence is substantially outweighed by any of the above risks.

### III.
#### CONCLUSION

For the reasons stated above, the Motion in Limine [doc. 104] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 7th day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**