# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00283-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MORGAN LYONS (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Resentencing [doc. 202] filed by defendant Morgan Lyons. Following a jury trial, Mr. Lyons was convicted in this court of possession with intent to distribute five hundred grams or more of a mixture containing a detectable amount of cocaine and two counts of possession of a firearm by a convicted felon. Doc. 124. On June 23, 2022, the court sentenced him to a 137-month term of imprisonment on the drug trafficking charge and two 120-month terms on the felon in possession charge. Doc. 142. The United States Court of Appeals for the Fifth Circuit affirmed his conviction on July 13, 2023, and the judgment was issued as mandate on August 4, 2023. Doc. 185.

Mr. Lyons has now submitted a motion, dated July 22 and received by the court on July 28, 2025, in which he seeks resentencing under *United States v. Tavberidze*, 769 F.Supp.3d 264 (S.D.N.Y. 2025). In that matter, the court held that the "acceptance of responsibility" point reduction under § 3E1.1(b) of the United States Sentencing Guidelines violates a defendant's Sixth Amendment rights by penalizing a defendant who

refuses to accept a guilty plea and save the government the trouble of preparing for trial.[1]
Mr. Lyons requests that the court vacate his sentence and recalculate his guideline range "to remove the trial penalty applied" under § 3E1.1(b), in light of *Tavberidze*.

A motion to vacate under 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). "[A] § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *Shadburn v. United States*, 2019 WL 722577, at *1 (N.D. Miss. Feb. 20, 2019) (quoting 28 U.S.C. § 2255(a)). Because Mr. Lyons's request presents a collateral attack to the constitutionality of his sentence, the court construes it as a motion to vacate under 28 U.S.C. § 2255.

Section 2255 motions are subject to a one-year statute of limitations. This period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The court acknowledged that the Guidelines were only advisory but maintained that they "continue to play an outsized role" at sentencing and as a benchmark in appellate review. *Id.* at 271–72.

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mr. Lyons does not point to any newly discovered facts or government-created impediment. The constitutional violation found in *Tavberidze* has not yet been recognized by any Supreme Court decision. The limitations period thus runs from the date on which his conviction became final.

Mr. Lyons's conviction became final on his last day for timely filing a petition for writ of certiorari, 90 days after entry of the Fifth Circuit's judgment. *United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) (citing SUP. CT. R. 13(1)). Accordingly, the limitations period expired one year from October 11, 2023, under 28 U.S.C. § 2255(f)(1). The motion [doc. 202] is untimely and is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 29th day of July, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE